## Nevitt v. Rosenberry

244

*Michael Magee,* for plaintiffs.
*Frank J. Hartye,* for defendant.

KOPRIVA, *J.,* July 22, 1996—Before this court for disposition is a motion for summary judgement. This case is quite unusual in that the original lawsuit was dismissed as a nullity because the defendant was dead. The instant lawsuit was filed against the defendant's estate. However, the statue of limitations expired shortly after writ of summons was filed in the first lawsuit. The issue for our review is whether the defendant is estopped from asserting the statute of limitations because of the nondisclosure of Mr. Rosenberry's death.

The facts of this lawsuit are as follows:

(1) The plaintiff and Mr. Rosenberry were involved in a motor vehicle accident on June 23, 1992.

(2) Plaintiffs' counsel advised the defendant's carrier in July of 1992 of their representation.

(3) Plaintiffs corresponded with Allstate Insurance Company on March 11, 1993; May 3, 1993; December 15, 1993; January 21, 1994; February 4, 1994; June 1, 1994 and June 6, 1994.

(4) Mr. Rosenberry died on May 26, 1993.

(5) Writ of summons was filed June 6, 1994.

(6) Attorney Magee mailed a letter to Mr. Rosenberry on June 6, 1994 and the letter was not returned.

(7) The sheriff's department attempted service on Mr. Rosenberry on June 10, 1996 at his home address but no one was there. A card was left for Mr. Rosenberry asking him to contact the sheriff's department.

(8) On June 15, 1994, Kelly Rosenberry appeared at the sheriff's office and accepted service on behalf of her husband.

(9) Attorney Magee received a bill from the sheriff's department indicating service of the writ on June 15, 1994.

(10) Attorney Hartye entered his appearance on behalf of Mr. Rosenberry on June 29, 1994.

(11) A rule to file a complaint was docketed July 11, 1994.

(12) The complaint was filed August 11, 1994.

(13) Preliminary objections were filed August 24, 1994, raising the issue of Mr. Rosenberry's death with an attached copy of the death certificate.

(14) Oral argument was originally scheduled for October 5, 1994 and was continued until December 1, 1994 at the request of plaintiffs' counsel.

(15) Oral argument was heard and an opinion and order issued January 25, 1995, granting the preliminary objections and dismissing the case as a nullity.

(16) Notice of appeal was filed February 22, 1995.

(17) Letters were granted to Kelly Rosenberry on March 14, 1995.

(18) Complaint in the instant action was filed May 18, 1995.

(19) The appeal to the Superior Court was discontinued on May 18, 1995.

The two-year statute of limitations ran on June 23, 1994. Plaintiffs were not informed of Mr. Rosenberry's death until the preliminary objections were filed on August 24, 1994. In order to maintain the present action, plaintiffs must prove that the defendant concealed material facts which prevented the lawsuit from being instituted against a proper party. If through fraud or concealment of facts a defendant causes a plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the statute of limitations. *Walters v. Ditzler,* 424 Pa. 445, 227 A.2d 833 (1967). The burden of proving fraud or concealment is on the plaintiff and must be established by clear and convincing evidence. *Commonwealth Department of Public Welfare v. UEC Inc.,* 483 Pa. 503, 397 A.2d 779 (1979).

Defendant argues plaintiff has failed to prove concealment on the part of either the insurance company or the defendant's wife. We disagree with regard to Kelly Rosenberry. We do find a concealment on her part. The type of concealment required to prevent a defendant from asserting the statute of limitations does not require an intent to deceive, but may be an unintentional deception. *Darien Capital Management Inc. v. Public School Employes' Retirement System,* 668 A.2d 210 (Pa. Commw. 1995). It is not the intent of the party estopped but the natural effect on the other party which is the basis of an estoppel. *Nesbitt v. Erie Coach Co.,* 416 Pa. 89, 204 A.2d 473 (1964).

The facts of record indicate an attempt to serve Mr. Rosenberry, at his home, was made by the sheriff's department 13 days prior to the expiration of the statute. Mrs. Rosenberry responded to a card left at the residence

by the deputies and appeared at the sheriff's department eight days prior to the deadline. The procedure of the sheriff's department was testified to by Bonnie Herschell. Deputy Herschell was at the office when Mrs. Rosenberry appeared.

The deputy testified Kelly Rosenberry identified herself as the wife of Lester. Deputy Herschell testified the policy of the sheriff's department is to ask a spouse if they reside with the spouse to which the service is directed. If Kelly had indicated either that she did not reside with Lester or that Lester was dead, service would not have been made. We note the deputy was testifying from records and not from an actual recollection of serving Mrs. Rosenberry.

The documents from the sheriff's department indicate Attorney Magee was billed for the service of the writ on June 16, 1995. From that point until the preliminary objections were filed, Attorney Magee had no reason to suspect Mr. Rosenberry was dead. We find the evidence establishes that Kelly Rosenberry concealed, for whatever reason, the fact that her husband was dead. Had she just ignored the card directed to her husband, we would not reach the same conclusion. She was under no obligation to respond to the sheriff's notice directed to her husband. However, once she appeared at the office and accepted service of process on behalf of a husband who had been deceased for over a year, we find an active step was taken to conceal the death. Whether or not she understood the consequences of the nondisclosure is of no moment. The effect of her nondisclosure prevented suit from being properly instituted within the statutory period and therefore she is estopped from asserting it in the defense of this action.

Although plaintiffs also assert a nondisclosure on the part of the insurance company, we do not find suf-

ficient evidence to establish active concealment. From the correspondence entered as exhibits, it seems as though there was never any settlement discussions. A demand had not been made. The adjuster handling the file had no knowledge of the death. On these facts we will not charge Allstate with a duty to have provided this information to plaintiffs' counsel.

The case sub judice has certainly had an unusual course to date. Mr. Rosenberry's death at his young age was not an event to have been anticipated by plaintiffs' counsel. However, when writs are filed close in time to the running of the statute of limitations, attorneys have a limited opportunity to react to unexpected complications.

In light of the opinion we enter the following:

### ORDER

And now July 22, 1996, this court having before it a motion for summary judgment, it is hereby ordered, directed and decreed the motion is denied and this matter shall be set for pretrial by the district court administrator.